UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONNA S. HOMISTER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:13-CV-19 RLM-SLC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Donna Homister appeals the Social Security Commissioner's denial of her petition for disability benefits. The ALJ, and then the Commissioner, found that Ms. Homister wasn't disabled because she retained the residual functional capacity to perform a limited range of light work and was capable of performing other work that exists in the national economy. For the reasons that follow, the court reverses the Commissioner's decision and remands the matter for further proceedings.

The evidence that was before the Administrative Law Judge suggests that this was a close case. Ms. Homister has been diagnosed with a variety of mental conditions and suffers from a wide range of physical problems. She has been diagnosed with depressive order, mild mental retardation, post-traumatic stress disorder, acute stress disorder, mood disorder, bipolar I disorder severe with psychotic features, generalized anxiety disorder, alcohol dependence with

psychological dependence, and reading and mathematics disorders. Her IQ has been calculated as high as 75 and as low as 67. Consulting psychologist Dr. Dan Bohen opined that Ms. Homister wouldn't remember what she was asked to do on a job, concentrate or stay on task, or get along with co-workers or supervisors.

Ms. Homister has been diagnosed with congestive heart failure, bilateral lower extremity swelling, blindness in her left eye, degenerative disc disease of the thoracic spince, hypothyroidism, and vitamin D and B12 deficiencies. She was treated with chemotherapy for Hodgkin's lymphoma and might continue to experience effects of that chemotherapy. Ms. Homister underwent cervical fusion surgery in 2006.

Ms. Homister's testimony before the Administrative Law Judge depicted a life in which nearly every activity is difficult:

- She drives occasionally, but prefers not to do so because she feels dizzy and faint.
- She couldn't get her GED because of problems with reading and math. Ms. Homister testified that she has no special or vocational training. She doesn't use a computer well.
- She wasn't allowed to return to her machine operator job after her 2006 auto accident because she had too many restrictions. She tried an assembler job through a temp agency, but was let go because she couldn't understand instructions.
- She has continual chest pain, which she had recently learned was

from congestive heart failure. She takes medicine for that condition. Her chest pain worsens when she is short of breath, which happens when she uses stairs or walks more than five or ten steps. She can stand for ten minutes before having to sit; after ten minutes of sitting, her back begins to hurt and she needs to stand. She becomes short of breath taking a shower. Her hand becomes numb and tingly when she can't catch her breath, and drops things. She can't manage her checkbook.

- Her legs swell "really big." A water pill has been prescribed for her. She sits in a recliner with her feet up. She elevates her feet for twenty minutes, three times a day. She must rise from a sitting position carefully, lest circulation problems lead her to fall.

- She has occasional pain in her eyes.

- Her back and neck hurt at a severity of seven or eight on a scale of ten. She takes muscle relaxers and pain pills that reduce, but don't eliminate, her neck pain. A chiropractor she was seeing told her that her right leg is lower than her left, so her right hip pops out; she didn't have that problem before her auto accident. Ms. Homister takes pain medicine for her lower back pain, but can't take the stronger medications because of a previous bad reaction. Her legs become numb and tingly. The pain worsens in cold weather. She feels lucky to get three hours of sleep and night, and takes a daily nap.

- She has limited mobility in her neck, due to the fusion surgery. A steel plate was placed in her neck during her that surgery. It hurts to raise her head to look at the ceiling, to lower her head to lok at something on a counter or table, and to turn her head to the side. Because of the blindness in her left eye, Ms. Homister has almost no peripheral vision.
- Ms. Homister sees a doctor and takes medication for anxiety and depression; the medications don't help when something really bothers her. She has mood swings. She can concentrate if nothing else is happening.

Medical records corroborated, to one extent or another, much of what Ms. Holister testified to. But much of what was in the records also indicated that the impact of Ms. Homister's mental and physical problems might not be as bad as she said. Among the items the ALJ cited were:

- A doctor's report that indicates that Ms. Homister's hypothyroidism, hypertension, and asthma were all well controlled and stable in November 2011.
- A February 2012 report by an examining physician that says Ms. Homister did not have respiratory problems, had normal fine motor skills, hearing, speech, and vision (except for the blindness in her left eye), and had no remote or recent memory issues.
- Hospital records from April to June 2012 that show that Ms.

- Homister's chest x-rays were normal and showed only minimal disc degenerative changes, that her lungs were clear, that her heart rate and rhythm were normal, and that she didn't have pitting edema.
- A treating physician's records indicating that Ms. Homister had no complaints of chest pain or shortness of breath, that she didn't have edema, that her depression was stable and that she was doing fine.
- A consulting psychologist's suggestion that Ms. Homister fit the mild mental retardation classification, which was inconsistent with the record and the findings of other psychologists.
- She had performed semi-skilled jobs, worked while having blindness in her left eye, and worked for four years after her car accident which caused a lot of her pain.
- Ms. Homister's lack of interest in seeking therapy for her anger issues.

A reviewing court must look for a "logical bridge" leading from conflicting evidence to the Secretary's decision. Beardsley v. Colvin, 758 F.3d 834, 837 (7th Cir. 2014) ("The ALJ . . . must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings . . .."). Under circumstances like those in this case, that bridge can't detour around the claimant's credibility. If the ALJ — to whose credibility determinations a district court must bow, Curvin v. Colvin, 778 F.3d 645, 651 (7th Cir. 2015) — doesn't provide at least a skeletal explanation of what

portions of the claimant's testimony were rejected and why, the district court must remand the case for a fuller explanation. *See, e.g.,* Thomas v. Colvin, 745 F.3d 802 (7th Cir. 2014); Moore v. Colvin, 743 F.3d 1118 (7th Cir. 2014).

To explain his rejection — or perhaps partial rejection — of what Ms. Homister told him, the ALJ used this tautological boilerplate: "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." As the court of appeals has explained, that statement tells us nothing: it says the reader should look to the ALJ's ultimate ruling and assume the ALJ considered and rejected anything that doesn't fit that ruling. *See* Parker v. Astrue, 597 F.3d 920, 922 (7th Cir.2010).

Inclusion of that boilerplate doesn't always require remand. *See* Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012) (the use of boilerplate language doesn't require reversal if the ALJ "otherwise explain[s] his conclusion adequately" and offers "reasons grounded in the evidence . . ."); *see also* Shideler v. Astrue, 688 F.3d 306, 311-312 (7th Cir. 2012); Getch v. Astrue, 539 F.3d 473, 483 (7th Cir. 2008).

With this record, a fuller explanation of the ALJ's credibility determination is needed. Ms. Homister's amalgam of mental and physical problems are such as to demand explanation of what in Ms. Homister's testimony was found to be

6

exaggerated or simply not credible, and why.

A review of the examination of the vocational expert at Ms. Homister's hearing before the ALJ shows why this is so. If it were assumed that the blindness in Ms. Homister's left eye meant she had no depth perception, the vocational expert testified, there were no jobs available to her; jobs were available if she had no depth perception problems. *Cf.* Voigt v. Colvin, 781 F.3d 871, 879 (7th Cir. 2015) (discussing estimates of available jobs). If Ms. Homister needed to nap thirty to forty-five minutes during the workday, the vocational expert testified, no jobs were available; otherwise, jobs existed. But apart from the boilerplate, the ALJ didn't mention depth perception or a need for daytime naps in deciding Ms. Homister's residual functional capacity. The ALJ didn't explain why he disbelieved Ms. Homister as to her need for naps, or whether or why he disbelieved Ms. Homister's testimony about her partial blindness. Without such explanations, there is no logical bridge to convey the reader from the record before the ALJ to available jobs within the national and regional economies for someone like Ms. Homister.

An ALJ's "failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." Minnick v. Colvin, 775 F.3d 929, 937 (7th Cir. 2015).

Ms. Homister seeks reversal, with an order that benefits be awarded. Such an order isn't appropriate. This record lacks a logical bridge, not evidence that could support a finding that Ms. Homister isn't disabled within the meaning of the

7

Social Security Act, 42 U.S.C. § 423(d)(2)(A). *See* Scrogham v. Colvin, 765 F.3d 685, 701 (7th Cir. 2014). The court REVERSES the Commissioner's decision, and REMANDS for further proceedings, consistent with this order.

SO ORDERED.

ENTERED:   August 12, 2015

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court